UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYAITTA (CROSBY) FOREMAN,

                Plaintiff,

-against-

COMMISSION ON QUALITY CARE; NEW YORK CITY HEALTH & HOSPITALS; BUREAU OF PRISONS; NYC/NYS COMMISSION OF CORRECTIONS; CENTER FOR DISEASE CONTROL,

                Defendants.

21-CV-3231 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who was detained in the Anna M. Cross Center on Rikers Island when he filed this action *pro se*, is now detained in Manhattan Hospital Center pursuant to C.P.L. § 730.30. (ECF No. 5.) Under the Prison Litigation Reform Act (PLRA), a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

Plaintiff requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Plaintiff is barred, however, under the PLRA's "three-strikes" rule from filing any new action IFP while a prisoner. *See Foreman v. Davis*, ECF 1:15-CV-0630, 4 (S.D.N.Y. Feb. 17, 2015) (listing cases), *appeal denied*, No. 15-2207 (2d Cir. Mar. 8, 2016) (dismissing appeal as lacking an arguable basis in law or fact). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff asserts generalized claims on behalf of others regarding COVID-19 preparedness and procedures in New York City and federal courthouses and jails. (ECF No. 2, at 5.) Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

Plaintiff's request for *pro bono* counsel (ECF No. 6) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 3, 2021
       New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge